UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MATTHEW GREEN )<br>      Plaintiff, )<br> )<br>v. )<br> )<br> )<br>RICHARD J. BOUDREAU & ASSOCIATES, )<br>LLC, JOHN DOES, and JANE DOES )<br>      Defendants, )<br> ) | Civil Action No. 1:13-cv-10254 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Matthew Green, an individual consumer, against Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

1

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendants transact business here, personal jurisdiction is established.

### III.    PARTIES

4. Plaintiff, Matthew Green is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Cherokee County, in the state of Georgia.

5. Defendant, Richard J. Boudreau & Associates, LLC is a collection agency and debt collection law firm engaged in the business of collecting debt in this state with its principal place of business located in Essex County, at 50-55 Tower Office Park, Woburn, MA 01801.

6. Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendants as collection agents, whose identities are currently unknown to Plaintiff.  Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Defendant Jane Does 1-10 (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendants as collection agents, whose identities are currently unknown to Plaintiff.  Defendant Jane Does are "debt collectors" as that term is defined

by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Plaintiff is informed and believes, and thereon alleged, that Defendants use instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendants are engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. At all relevant times, Defendants acted through their duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   FACTUAL ALLEGATIONS

10. Sometime before 2013, Plaintiff, Matthew Green, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Matthew.

12.  The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

13.  Defendants then within one year prior to the filing of this complaint, began contacting Matthew and placing collection calls to Matthew prior to February 5, 2013; seeking and demanding payment for an alleged consumer debt owed under an account number.

14.  Upon information and belief, within one year prior to the filing of this complaint, Defendants, during communications directed to Matthew, did not state that Defendants were debt collectors, attempting to collect on a debt, and that any information obtained would be used for that purpose.

**SUMMARY**

15.  All of the above-described collection communications made to Plaintiff Matthew Green by each individual Defendant and other collection employees employed by Defendant Richard J. Boudreau & Associates, LLC were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

16. The above-detailed conduct by these Defendants of harassing Matthew in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

17. As a result of the acts alleged above, Defendant caused Matthew to become very upset because of the illegal manner in which this debt was collected by these Defendants.

18. Matthew suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, upset, amongst other negative emotions.

19. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Matthew.

**RESPONDEAT SUPERIOR LIABILITY**

20. The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Richard J. Boudreau & Associates, LLC who communicated with Plaintiff Matthew Green as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Richard J. Boudreau & Associates, LLC.

21. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Richard J. Boudreau & Associates, LLC in collecting consumer debts.

22. By committing these acts and omissions against Matthew, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Richard J. Boudreau & Associates, LLC

23. Defendant Richard J. Boudreau & Associates, LLC is therefore liable to Matthew through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Matthew.

### V.   CAUSES OF ACTION

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

24. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and

every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

> (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

> (b) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the oral communications with Plaintiff that the communications were from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings.

26. Defendants' acts as described above were done intentionally with the purpose of coercing Matthew to pay the alleged debt.

27. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff Matthew Green for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. Punitive damages.

E. For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: February 5, 2013 | RESPECTFULLY SUBMITTED,<br>By: /s/ Kevin Crick<br>Kevin Crick<br>BBO: 680950<br>Consumer Rights Law Firm, PLLC<br>300 Brickstone Square, Suite 902<br>Andover, Massachusetts 01810<br>Phone: (978) 212-3300<br>Fax: (978) 409-1846<br>kevinc@consumerlawfirmcenter.com<br>**Attorney for Plaintiff** |

**DEMAND FOR JURY TRIAL**

Please take notice that plaintiff Matthew Green demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.